IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND
101 West Lombard St, Baltimore, MD 21201

UNITED STATES OF AMERICA,
Plaintiff

v.

Cr. Case No.: 1:14-CR-00207-GLR

JULIA TERYAEVA-REED,
Defendant

FILED / LOGGED / ENTERED / RECEIVED
OCT 21 2019
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

---

## MOTION REQUESTING A JUDICIAL RECOMMENDATION CONCERNING EXPEDITED DEPORTATION

---

COMES NOW, Julia Teryaeva-Reed, hereinafter the "Petitioner", pro se and unskilled in the field of law, and respectfully moves this Honorable Court to recommend to the Bureau of Prisons, hereinafter "BOP", that they afford the Petitioner expedited deportation to Ukraine prior to expiration of her sentence pursuant to 8 U.S.C. 1231(A)(4)(B), PS5800.13 and First Step Act.

In support thereof Petitioner states as follows:

1. Petitioner was incarcerated since October 7th, 2013 and completed more than half of her sentence. Projected release date is July 12th, 2025.

2. Petitioner was detained for three years and 10 months in pre-trial in four various facilities where she incurred permanent personal injury and asking to consider this HARDSHIP TIME to support this motion.

3. Petitioner's expedited deportation will save government's resources and court time as her ineffective assistance of counsel and other motions will be moot.

4. Petitioner exhausted all administrative and legal remedies:
   a. Treaty Transfer: Application for Treaty Transfer was denied for the third time on 8/15/19 (See Attached Exhibit D)
   b. Direct Appeal: Petitioner voluntarily withdrew her direct appeal for the sake of Treaty Transfer
   c. Clemency/Commutation of Sentence: Application was withdrawn for the sake of Treaty Transfer
   d. Expedited Removal: Application for Expedited Removal/Deportation was forwarded by DOJ to the Warden who denied the application due to "judicial constraints". The letter further stated that BOP has to "comply with the Judgment and Commitment order issued by the George L. Russell, dated August 3, 2017." Therefore, JUDICIAL RECOMMENDATION is necessary. The Warden stated when asked in person that "they don't know how to interpret the new law". The Judge with superior knowledge in the law, familiarity with the case, access to legal resources, due standing and authority to interpret the law has to make recommendation to the BOP. (See "Administrative Response" dated 6/27/19 along with original application for Expedited Removal attached in Exhibit A; refer to First Step Act and PS5800.13 in Exhibit B).

5. Expedited Deportation will assure successful assimilation and reintegration into society, serve humanitarian concerns and lower the risk of re-entry of the Petitioner. Petitioner's father is terminally ill and his only caretaker died. (Translated/certified and original medical records are attached in Exhibit E along with the death certificate of the caretaker).

6. Petitioner is agreeing to waive her rights to fight deportation and never enter United States again.

7. Pursuant to FAST TRACK Petitioner should have received TIME CREDIT in lue of waiving her rights to fight deportation. Petitioner's attorney failed to negotiate her plea agreement, was ignorant of the law and provided ineffective assistance. Petitioner is asking to take into consideration credit she did not receive due to ineffective assistance.

8. Pursuant to Sentencing Transcript Honorable Judge George L. Russell recommended RDAP, Residential Drug Treatment Program, and that Petitioner is sent to Tallahassee, Fl. Despite Judicial Recommendation the Petitioner was designated to Aliceville, Alabama where RDAP is not available and Petitioner is not eligible for transfer for the remainder of her sentence due to ICE detainer. Thus, Petitioner's further detention will not serve the intended purpose of rehabilitation.

9. Petitioner is not eligible for 12 months time credit for RDAP and is asking to take this into consideration.

10. Petitioner is not eligible for up to 12 months of halfway house or home confinement and is asking to take this into consideration.

11. Petitioner will be detained for at least additional 6 months in immigration detention facility because she does not have a Passport and it will need to be issued by the Embassy upon request. Petitioner is asking to take into consideration additional time she will spent in confinement.

12. Petitioner has undergone significant rehabilitation by completing close to 2,000 hours of programming, including 120 day Residential Treatment Program while in pre-trial; completion of Blackstone Paralegal Program and Carpentry, Vocational training, among many other courses. (See attached transcript and list of Certificates of Completion in Exhibit C).

13. Petitioner is ineligible to apply for time credits for education because she is not a citizen. However, Pursuant to First Step Act "The Attorney General, in consultation with the Secretary of Homeland Security, shall ensure that any alien described in section 212 or 237 (deportable aliens) who see to earn time credits are subject to proceedings described in section 238(a) "Expedited REMOVAL of Aliens Convicted of Committing Aggravated Felonies" of that Act at a DATE AS EARLY AS PRACTICABLE DURING THE PRISONER'S INCARCERATION. (See Exhibit B) In other words, deportable aliens convicted of aggravated felony offenses are to be removed as expeditiously as possible DURING and not upon completion of their sentence. Petitioner's expedited deportation fits the guideline of this provision and her removal will be in accordance with the intended purpose of First Step Act.

14. First Step Act emphasizes the importance of TRANSFERRING INMATES CLOSER TO HOME in order to reduce ricidivism. (See Exhibit B). Petitioner's expedited deportation will serve the intended purpose of First Step Act.

15. First Step Act emphasizes the importance of BUDGETARY SAVINGS and reallocation of funds in to "increase investment in law enforcement and crime prevention to combat gangs of national significance and high-level drug traffickers"...and fight real crimes; training, hiring and recidivism reduction/rehabilitation programs (See Exhibit B). Petitioner's expedited removal will serve the intended purpose of the First Step Act and will result in budgetary savings.

16. Pursuant to BOP Program Statement, PS 5800.13, "as a cooperative effort of the Bureau, Immigration and Naturalization Service, the former INS and now ICE, and EOIR to meet the Attorney General's mandate to ensure deportation proceedings begin as EXPEDITIOUSLY AS POSSIBLE AFTER THE DATE OF CONVICTION, and the proceedings are completed PRIOR to the expiration of the alien's sentence. This reduces the federal government's detention costs and enables and Bureau to manage its population better. (See Exbibit B).

17. Petitioner expressed remorse and contrition regarding the commission of her offense and fully cooperated with authorities.

18. Petitioner is not eligible for 12 months RRC, halfway house or home confinement.

19. Petitioner set her own property on fire and there were no victims. Petitioner never benefited from this crime and never received any insurance proceeds.

WHEREFORE NOW, above premises considered, the Petitioner respectfully requests that this Honorable Court GRANT her motion and issues a judicial recommendation to the BOP stating that Petitioner is to be immediately removed/deported without any further delays.

Respectfully Submitted,

Julia Teryaeva-Reed
Federal ID No.: 57914-037
FCI Aliceville
PO Box 4000
Aliceville, Al 35442

CERTIFICATE OF SERVICE

I, Julia Teryaeva-Reed, hereby state under the penalty of perjury that the MOTION REQUESTING A JUDICIAL RECOMMENDATION CONCERNING EXPEDITED REMOVAL/DEPORTATION was placed in the prison mailbox on October 16th, 2019, and mailed to the United States District Court at 101 West Lombard St., Baltimore, MD 21201.

Date: October 16th, 2019

Signature: _____

Julia Teryaeva-Reed
 Federal ID No.: 57914037
 FCI-Aliceville
 PO Box 4000
 Aliceville, AL 35442