IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JULIA TERYAEVA-REED, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-19-2259 (Related Crim. Case GLR-14-207) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

***

**ORDER**

Pending before the Court is Petitioner Julia Teryaeva-Reed's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 85. The Motion is ripe for disposition, and no hearing is necessary. See Rule 8 of the Federal Rules Governing § 2255 cases. For the reasons stated below, the Court will deny the Motion.

On March 12, 2015, Petitioner was charged in an eight-count Superseding Indictment with three counts of using fire to commit a federal felony in violation of 18 U.S.C. § 844(h)(1), three counts of malicious destruction of real property by fire in violation of 18 U.S.C. § 844(i), and two counts of wire fraud in violation of 18 U.S.C. § 1343. ECF No. 40. The charges arose from Petitioner's participation in multiple arson-caused fires in a scheme to defraud insurance companies. Id. ¶¶ 15–33.

On May 29, 2015, Petitioner pled guilty to one count of using fire to commit a federal felony (Count One), one count of wire fraud (Count Two), and two counts of malicious destruction of real property by fire (Counts Five and Seven). ECF No. 52. As

part of the plea agreement, Petitioner waived her right to appeal the conviction and sentence. ECF No. 53 at 6.

The sentencing hearing was held on July 13, 2017. ECF No. 66. Pursuant to the U.S. Sentencing Guidelines Manual § 5K1.1, the government moved for a six-level downward departure in Petitioner's offense level based on her substantial assistance. ECF No. 99-3 Ex. C at 6. The government also moved under 18 U.S.C. § 3553(e) for a sentence below the statutory minimum for Counts Five and Seven. Id. The Court granted both motions. Id. at 7. Petitioner was sentenced to a total term of 162 months imprisonment, followed by three years of supervised release, and was ordered to pay $609,142.76 in restitution. ECF No. 68.

On July 25 and August 8, 2017, Petitioner filed Notices of Appeal, despite having waived her right to do so. ECF Nos. 67, 70. Appellate counsel was appointed on September 26, 2017. ECF No. 74. On August 3, 2018, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. ECF No. 82.

On August 5, 2019, Petitioner filed her Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 85. Petitioner requested that her Motion be held in abeyance pending a decision on her treaty transfer application. ECF No. 85-10. The Court granted the request on August 20, 2019. ECF No. 87. Petitioner supplemented her Motion on September 3, 2019. ECF No. 89. On February 18, 2020, Petitioner requested that the Court resume consideration of her Motion to Vacate. ECF No. 92. On April 7, 2020, the government filed a Response. ECF No. 99. Petitioner filed Replies on May and June 11, 2020. ECF Nos. 106, 113.

Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if the petitioner can show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." A pro se movant is entitled to have his arguments reviewed with appropriate deference. See Gordon v. Leeke, 574 F.2d 1147, 1151–53 (4th Cir. 1978). However, if the § 2255 motion, in addition to the files and records, conclusively show that the prisoner is entitled to no relief, then no hearing is required, and the motion may be summarily denied. See 28 U.S.C. § 2255(b).

In her § 2255 Motion to Vacate, Petitioner raises several grounds for relief. See ECF No. 85. First, Petitioner contends that arson is no longer considered a crime of violence based on the United States Supreme Court's decision in Sessions v. Dimaya, 138 S.Ct. 1204 (2018). ECF No. 85-1 at 1–2. Petitioner therefore reasons that she is not deportable as an aggravated felon. Id. at 2. Second, she claims that her Fourth Amendment right was violated when the government obtained her cell-site location information without a warrant. ECF No. 85-4 at 3. Third, Petitioner alleges that the interstate commerce requirement contained in the federal arson statute, 18 U.S.C. § 844(i), was not met. ECF No. 85-8 at 3.

However, Petitioner's plea agreement contains the following language: "[Petitioner] . . . waives any and all motions, defenses, probable cause determinations, objections which [she] could assert to the Superseding Indictment or to the Court's entry of judgment against

3

[her], and any imposition of sentence upon [her] consistent with this agreement." ECF No. 53 at 6. Further, during her re-arraignment, Petitioner stated she understood that by entering into the plea agreement, she would be waiving certain Constitutional rights, including her right to have the government prove each element of the counts beyond a reasonable doubt. ECF No. 99-2 Ex. B at 16–20. Therefore, by knowingly and voluntarily pleading guilty, Petitioner waived her right to challenge her conviction and sentence and thus, is entitled to no relief on her claims.

Petitioner also alleges that she received ineffective assistance from defense counsel. To successfully challenge a conviction under § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, a petitioner must demonstrate that (1) defense counsel's performance "fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. Because of the inherent difficulties in evaluating counsel's performance, judicial scrutiny is highly deferential. Id. at 689. A petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." Id. Further, even assuming an error occurred, a petitioner is not entitled to post-conviction relief "if the error had no effect on the judgment." Id. at 691.

Petitioner contends she received ineffective assistance due to counsel's failure to: (1) raise all 18 U.S.C. § 3553(a) factors at sentencing; (2) object to the restitution amount; (3) raise a sentencing disparity claim; and (4) request two days credit for each day served in pretrial detention. ECF No. 85-2 at 1–4; ECF No. 85-3 at 1–3; ECF No. 85-6 at 1. The Court will address these arguments in turn.

With respect to the § 3553(a) factors, defense counsel submitted numerous materials to the Court regarding Petitioner's background prior to sentencing. Further, Petitioner herself disclosed various details about her background to the probation officer preparing her presentence report. At the sentencing hearing, both defense counsel and Petitioner discussed several mitigating factors with the Court, including Petitioner's abortion procedures. ECF No. 99-3 Ex. C at 24–64. Thus, the Court was well aware of the mitigating factors that Petitioner alleges defense counsel was ineffective for not raising. Put simply, Petitioner has not shown that counsel was deficient on this issue, thereby rendering her claim without merit.

Additionally, Petitioner claims that defense counsel was constitutionally deficient for failing to challenge the restitution order. But as part of her plea agreement, Petitioner agreed to pay restitution "for the full amount of the victims' losses," which the parties stipulated was at least $500,000. ECF No. 53 at 7. The issue of restitution was also discussed at the sentencing hearing. There, defense counsel requested that the Court defer or limit the amount of restitution. ECF No. 99-3 Ex. C at 41–43. As a result, the Court authorized the parties to negotiate the restitution amount, and they ultimately agreed to an amount of $609,142.76. See id. at 43; ECF No. 68 at 6. Counsel's actions with respect to

Petitioner's restitution order surely do not constitute deficient performance. As such, no relief is appropriate on this claim.

Next, Petitioner alleges that defense counsel was ineffective for failing to present an argument of sentencing disparity. Petitioner claims that defendants found guilty of similar conduct have received lower sentences than she received. All sentencing proceedings should begin with a district court calculating the applicable Guidelines range. Gall v. United States, 552 U.S. 38, 49 (2007). After permitting the parties to argue for a particular sentence, the district judge must then consider the factors presented in 18 U.S.C. § 3553(a) prior to imposing a sentence, including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); Gall, 552 U.S. at 49–50. Accordingly, the Court calculated Petitioner's Guideline range and considered the § 3553(a) factors before selecting a sentence. See ECF No. 99-2 Ex. B at 14; ECF No. 99-3 Ex. C at 67–71. Further, the Court granted the government's motions for a six-level reduction in offense level and for a sentence below the statutory minimum. Given these facts, counsel's decision not to argue sentencing disparity falls within the range of professionally reasonable judgments. Moreover, Petitioner cannot show that absent the alleged ineffective assistance of counsel, her sentence would have been more lenient. In fact, counsel's performance resulted in the Court imposing a lighter sentence than it initially contemplated. See ECF No. 99-3 Ex. C at 74. Thus, Petitioner's claim is without merit.

Lastly, as to Petitioner's claim that counsel erred in failing to request two days credit for each day served in pretrial detention, the Court made explicitly clear that the hardship

of pretrial detention would not be considered as a mitigating factor. Id. at 58–61. Given the Court's clarity on this issue, it was reasonable for counsel to subsequently decide not to seek two days credit for each day served by Petitioner in pretrial detention. As such, counsel was not ineffective in this regard.

For these reasons, Petitioner's Motion to Vacate is without merit and will be denied.

Under Rule (a) of the Rules Governing Proceedings pursuant to 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a jurisdictional prerequisite to appeal from the Court's Order. United States v. Hadden, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). A certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted). Where the court denies a petitioner's motion on its merits, the petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court, for the aforementioned reasons, concludes that Petitioner has not provided a basis to issue a certificate of appealability because reasonable jurists would not

find Petitioner's claims debatable. Thus, the Court will not issue a certificate of appealability.

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 85) is DENIED and the Court WILL NOT ISSUE a certificate of appealability. The Clerk is directed to PROVIDE a copy of this Order to all parties of record and to CLOSE the case.

So ORDERED this 14th day of August, 2020.

/s/
George L. Russell, III
United States District Judge