**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7655

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　v.

JULIA TERYAEVA-REED,

　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:14-cr-00207-GLR-1)

Submitted: January 21, 2022　　　　　　　　　　　　　　　　Decided: March 18, 2022

Before KING, DIAZ, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Julia Teryaeva-Reed, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julia Teryaeva-Reed appeals the district court's form order denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In the district court and on appeal, she argued that her release was warranted based on several reasons, including her medical conditions, the COVID-19 virus, her family circumstances, and her expected removal from the United States when she is released from Bureau of Prisons (BOP) custody. She further argued that the court had authority to grant her motion in light of the First Step Act of 2018. The Government opposed her motion, asserting she was not eligible for relief under USSG § 1B1.13, which was "binding on the Court." The court's order did not state the basis for denial but stated in preprinted text that it denied the motion "after complete review of the motion on the merits" and "after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission."

Ordinarily, "a sentencing court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). "Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if the 'court . . . finds that . . . extraordinary and compelling reasons warrant such a reduction' and that the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission,' and if the § 3553(a) sentencing factors merit a reduction." *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). While there is no policy statement "applicable" to compassionate release motions filed by defendants, "which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist

2

'extraordinary and compelling reasons' for a sentence reduction," the policy statement applicable to BOP-filed motions "remains helpful guidance even when motions are filed by defendants." *McCoy*, 981 F.3d at 282-83 & n.7; *High*, 997 F.3d at 186.

"COVID-19 raises medical issues in the prison context that are particularly serious," and "depending on the circumstances, an inmate might well be able to present an extraordinary reason for release based on COVID-19." *High*, 997 F.3d at 185. "The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19." *Id*.

"In any event, if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction." *Id*. at 186. "Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)). Even where a district court errs by applying USSG § 1B1.13 to a compassionate release motion filed by a defendant, this Court may affirm its decision based on its determination that the § 3553(a) factors counseled against a sentence reduction in the defendant's case. *United States v. Kibble*, 992 F.3d 326, 331-32 (4th Cir. 2021) (per curiam).

We review a district court's denial of a motion for compassionate release for abuse of discretion. *Id.* at 329; *High*, 997 F.3d at 185. A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining

3

its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law. *Kibble*, 992 F.3d at 332; *High*, 997 F.3d at 187. We presume that the district court sufficiently considered relevant factors in deciding a § 3582(c)(1)(A) motion. *United States v. Jenkins*, __ F.4th __, 2021 WL 6130105, at *3 (4th Cir. Dec. 29, 2021).

When deciding a motion for compassionate release, a district court must "'set forth enough to satisfy [our] court that [it] has *considered* the parties' arguments and has *a reasoned basis* for exercising [its] own legal decisionmaking authority,' so as to 'allow for meaningful appellate review.'" *High*, 997 F.3d at 190 (*quoting Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)). "Although a district court is not required to address each of a defendant's arguments for a reduced sentence, just how much of an explanation is required depends upon the narrow circumstances of the particular case." *Jenkins*, 2021 WL 6130105, at *6 (citations omitted). "In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others." *Chavez-Meza*, 138 S. Ct. at 1965. "But in other cases, more explanation may be necessary"; and if this Court "considers an explanation inadequate in a particular case, it can send the case back to the district court for a more complete explanation." *Id.*

On appeal, Teryaeva-Reed contends that the district court abused its discretion by adopting the Government's opposition and denying her motion without giving a reason for the denial. We have reviewed the record and conclude that Teryaeva-Reed has rebutted the presumption that the district court considered relevant factors in deciding her motion, and the court's explanation for its denial was not sufficient for our meaningful review. We

4

cannot tell from the order whether the court adopted the Government's erroneous assertion that USSG § 1B1.13 was binding on the court; and the court's order did not explain whether it would have nonetheless denied the motion based on the § 3553(a) factors.

Accordingly, we vacate the district court's order and remand for a more complete explanation for the decision. We express no view on the merits of the § 3582(c)(1)(A) motion. We construe Teryaeva-Reed's motion to amend her motion for compassionate release as a motion to amend or supplement her informal brief on appeal, and we grant the motion.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] To the extent that Teryaeva-Reed seeks to amend her § 3582(c)(1)(A) motion, she must file her motion to amend in the district court.